## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHRISTOPHER FABRICANT and
MALIKA FABRICANT,

               Plaintiffs,

      v.

INTAMIN AMUSEMENT RIDES INT.
CORP. EST *et al.*,

              Defendants.

Civ. No. 19-12900

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Remand filed by Plaintiffs Christopher and Malika Fabricant (collectively, "Plaintiffs"). (ECF No. 10.) Defendants Six Flags Great Adventure, LLC ("SFGA") and Intaride LLC oppose. (ECF Nos. 13–14.) The Court has decided the Motion on the written submissions of the parties, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion is denied.

## BACKGROUND

This case arises from alleged injuries sustained by Plaintiff Christopher Fabricant on the Kingda Ka Roller Coaster at Six Flags Great Adventure Amusement Park. (*See* Am. Compl. ¶ 1, ECF No. 1.) Plaintiffs originally filed this case in the Superior Court of New Jersey, Law Division, Ocean County. (Notice Remv'l ¶ 1, ECF No. 1.) On May 24, 2019, Defendant SFGA removed the case to U.S. District Court. (*See generally id.*) Plaintiffs now allege that this Court lacks subject matter jurisdiction and seeks to remand the case back to state court.

1

Plaintiffs bring claims against Defendant SFGA, six other business entities allegedly responsible for the injuries suffered, John Does 1–20, and ABC Corporations 1–10. (Am. Compl. ¶¶ 7–16.)[1] Plaintiffs, husband and wife, are citizens of New Jersey. (Am. Compl. ¶ 6; Not. Remv'l ¶ 13.) Save for Defendant SFGA, no defendant is alleged to be a New Jersey citizen. (Am. Compl. ¶¶ 7–12 ; Not. Remv'l ¶¶ 5–8 .)

In the Notice of Removal, Defendant SFGA stated that it is a limited liability company ("LLC") whose sole member is Six Flags Theme Parks, Inc. ("SFTP"), and that SFTP is a Delaware corporation with its principal place of business in Texas. (Not. Remv'l ¶¶ 3–4.) Defendant SFGA attached an affidavit from the Corporate Vice President of SFTP in support of these statements. (Freeman Aff., ECF No. 1.)

In an unrelated case in the District of New Jersey—*Huzinec v. Six Flags Great Adventure, LLC* (Civ No. 16-2754)—Defendant SFGA stated that it "is a New Jersey limited liability company, with its sole and principal place of business in Jackson, New Jersey." (3d Pty. Compl. ¶ 2, ECF No. 10-7; Am. 3d Pty. Compl. ¶ 2, ECF No. 10-8.)[2] In *Huzinec*, Defendant SFGA did not discuss SFTP as being its sole member, nor did it discuss SFTP's citizenship in Delaware and Texas. After stating that it was a New Jersey LLC with its principal place of business in New Jersey, Defendant SFGA stated that the *Huzinec* court had diversity jurisdiction (3d Pty. Compl. ¶ 7; Am. 3d Pty. Compl. ¶ 8); however, all opposing parties were from Pennsylvania and Brazil, so the *Huzinec* court would have had subject matter jurisdiction whether Defendant SFGA was deemed a citizen of New Jersey or, as argued here, of Delaware

---

[1] Plaintiffs also sued Six Flags Theme Parks, Inc., but this party was voluntarily dismissed. (Am. Compl. ¶ 15; Not. Remv'l at 1 n.1.)

[2] All record citations refer to the ECF numbers in this case, not those in *Huzinec*.

and Texas (3d Pty. Compl. ¶¶ 1–6; Am. 3d Pty. Compl. ¶¶ 1–7).

John Doe Defendants are alleged to be "the individual employees of Great Adventure who were responsible for the safe operation of" the ride on which Plaintiff Christopher Fabricant was injured. (Am. Compl. ¶ 16.) Plaintiffs do not know the names of the John Doe Defendants, but they argue that these Defendants—employees at an amusement park in New Jersey that is twenty-three miles from the nearest state line—are likely citizens of New Jersey. (Mot. at 7, ECF No. 10.)

Plaintiffs filed a Motion to Remand on June 20, 2019. (ECF No. 10.) On July 1, 2019, Defendants SFGA (ECF No. 13) and Intaride LLC (ECF No. 14) filed separate oppositions. Plaintiffs replied on July 8, 2019. (ECF No. 16.) The Motion is presently before the Court.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. § 1441(a). However, the federal court to which the action is removed must have subject matter jurisdiction. *Id.* Federal district courts have subject matter jurisdiction on the basis of diversity when the action arises between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For complete diversity of citizenship to exist, each plaintiff must be a citizen of a different state from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## DISCUSSION

### I.    John Doe Defendants Do Not Destroy Subject Matter Jurisdiction

The removal statute states, "In determining whether a civil action is removable on the

basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Courts in this District have occasionally wrestled with the question of when a defendant has been sued under a fictitious name." *See, e.g.*, *Santiago v. Fed. Express Freight, Inc.*, 2015 WL 6687617, at *2–3 (D.N.J. Oct. 30, 2015); *Mucci v. Decision One Mortg.*, 2012 WL 3757035, at *3 (D.N.J. Aug. 9, 2012); *Khorozian Hudson United Bancorp*, 2007 WL 38697, at *2–3 (D.N.J. Jan. 4, 2007). The Third Circuit, albeit in a non-precedential opinion, has looked to whether a defendant has been identified by a name that is plausibly their real name, or has been described with information that reveals their specific identity. *Brooks v. Purcell*, 57 F. App'x 47, 50 (3d Cir. 2002). For example, a person named "William" may be sued as "Bill," or a married person may be sued under their maiden name. *Id.* But the names "John Doe," "Sue Doe," "Ozzie Doe," and similar names are fictitious where the plaintiff "has no reason to believe" that those are the defendants' real names. *Id.* In this case, John Doe Defendants are simply titled "John Does 1–20," which are not reasonably believed to be their real names. Nor have Plaintiffs provided these parties' specific identities; all we know from the Amended Complaint is that John Doe Defendants were employees working at the theme park on the day of the incident. Under § 1441(b)(1), the citizenship of these fictitiously named Defendants does not destroy diversity jurisdiction.

## II. Complete Diversity Exists Among the Parties, and Judicial Estoppel Is Inappropriate

Plaintiffs are New Jersey citizens, so any Defendant with New Jersey citizenship would destroy diversity and warrant remand. 28 U.S.C. §§ 1332(a), 1441(a); *Owen*, 437 U.S. 365 at

4

373.[3] The citizenship of Defendant SFGA is at issue here. "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Where an LLC has a corporation as a member, the court must examine the member-corporation's state of incorporation and principal place of business. *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 348–49 (3d Cir. 2013). The principal place of business of the LLC is irrelevant. *Id.* at 350 ("We are not supposed to focus on [the] LLC's activities; rather, precedent dictates that we turn our attention to the citizenship of [its] member[s].") In this case, Defendant SFGA is an LLC, and its sole member, SFTP, is a Delaware corporation with its principal place of business in Texas. Defendant SFGA is therefore a citizen of Delaware and Texas and is diverse from Plaintiffs.

In the *Huzinec* case, Defendant SFGA stated that it was "a New Jersey limited liability company, with its sole and principal place of business in Jackson, New Jersey." (3d Pty. Compl. ¶ 2; Am. 3d Pty. Compl. ¶ 2.) Plaintiffs claim that Defendant SFGA is attempting to take a contradictory position in this case by claiming to have citizenship only in Delaware and Texas, and Plaintiffs ask the Court to judicially estop Defendant SFGA from doing so.

Judicial estoppel is appropriate where (1) a party takes a position inconsistent with a previously-asserted position, and (2) the inconsistent positions were asserted in bad faith, "i.e., with intent to play fast and loose with the court." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361 (3d Cir. 1996). Neither prong is met here. Defendant SFGA did not take inconsistent positions: In *Huzinec* it represented that it was a New Jersey LLC with its principal place of business in New Jersey, while here it represented that its sole member is a

---

[3] Additionally, a defendant may not remove a case from state court if it is a citizen of that state. § 1441(b)(2).

Delaware corporation with a principal place of business in Texas. Both statements can be true at the same time.

Given that Defendant SFGA made its representations in *Huzinec* in the context of securing diversity jurisdiction, and given that the representations it made in that case are actually irrelevant to diversity jurisdiction, *see Johnson*, 724 F.3d at 350 (stating that that the LLC's principal place of business should not be considered), one might suspect that Defendant SFGA was trying to deceive the *Huzinec* court even if it stopped short of outright lying. But these statements are probably the result of mistake rather than malice. LLCs frequently provide their state of organization and principal place of business as if they were corporations. And it is worth noting that, in *Huzinec*, none of the opposing parties were from Texas or Delaware, so Defendant SFGA had nothing to gain by obscuring its citizenship in those states. Judicial estoppel is not appropriate here.

## III.    Plaintiffs Are Not Entitled to Jurisdictional Discovery

Plaintiffs also seek jurisdictional discovery on several issues. First, they seek discovery as to the citizenship of John Doe Defendants. But for John Doe Defendants to destroy diversity jurisdiction, the Court would need to know not only their citizenship, but also their identity so that they would no longer be "fictitious" under § 1441(b)(1). Plaintiffs are not entitled to discovery of these parties' identities before a motion to dismiss is decided. *Brooks*, 57 F. App'x at 50–51 ("While it is conceivable that the named defendants could have identified these [unidentified] defendants they were under no obligation to do so before moving to dismiss."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("[If plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

Plaintiffs also seek discovery to determine whether Defendant SFGA's member, SFTP,

truly has its principal place of business in Texas. Jurisdictional discovery is appropriate where a party raises a factual challenge to jurisdiction. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 111 (3d Cir. 2015). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure . . . to comport factually with the jurisdictional prerequisites." *Id.* at 105 (internal modifications omitted). However, a factual attack may be launched only by "answer[ing] the Complaint or otherwise present[ing] competing facts." *Constitution Party v. Aichele*, 757 F.3d 347, 358–59 (3d Cir. 2014) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977)). Plaintiffs have not provided any facts that would call into question Defendant SFGA's assertions as to its citizenship,[4] and thus have not factually attacked jurisdiction.

Finally, Plaintiffs argue that, if Defendant SFGA is the alter ego of its member SFTP, then Defendant SFGA's place of business should be considered for jurisdictional purposes. Plaintiffs therefore seek discovery as to whether Defendant SFGA functions as the alter ego of its member SFTP:

> [B]y conceding . . . that SFTP, Inc. has "no involvement with" the Kingda Ka attraction that forms the subject matter of this action, Defendant SFGA, LLC . . . has suggested that in this case, . . . SFTP, Inc. is not even involved in "managing its assets," when it comes to Defendant SFGA, LLC, and instead [Defendant] SFGA, LLC functions as the "alter ego" of SFTP, Inc., in performing the management functions of its "parent" on its "parent's" behalf. These facts implicitly suggest that Defendant SFGA, LLC does not retain a "separate identity" from its parent, SFTP, Inc.

(Mot. at 9–10 (internal citation omitted).) But the Third Circuit has rejected this argument:

> Plaintiffs do not allege that [the parent] and [the] LLC disregarded corporate formalities, nor do they claim that [the parent] controls its subsidiary's operations.

---

[4] Plaintiffs point to Defendant SFGA's alleged inconsistency in stating its citizenship between this case and *Huzinec* case, but as discussed above, Defendant SFGA has not been inconsistent.

In fact, they argue the opposite, [asserting that the parent] has exerted no managerial control over [the] LLC, which is just the opposite of what is typically required to consider a parent's and subsidiary's citizenships jointly.

*Johnson*, 724 F.3d at 351. Plaintiffs are not entitled to jurisdictional discovery.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is denied. An appropriate Order will follow.

Date:   7/24/19          */s/ Anne E. Thompson*
                          ANNE E. THOMPSON, U.S.D.J.