NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER FABRICANT and MALIKA FABRICANT, <br><br> Plaintiffs, <br><br> v. <br><br> INTAMIN AMUSEMENT RIDES INT. CORP. EST *et al.*, <br><br> Defendants. | Civ. No. 19-12900 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion for Leave to File a Second Amended Complaint filed by Plaintiffs Christopher and Malika Fabricant (collectively, "Plaintiffs"). (ECF No. 19.) Defendant Intaride LLC opposes. (ECF Nos. 21.) The Court has decided the Motion on the written submissions of the parties, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion is granted.

## **BACKGROUND**

Plaintiff Christopher Fabricant alleges that he was injured while riding the Kingda Ka Roller Coaster at the Six Flags Great Adventure Amusement Park on April 23, 2017. (Am. Compl. ¶¶ 1, 22, 26, ECF No. 1.) Plaintiffs claim that the seats and harness devices on the ride were defective and were operated unsafely. (*Id.* ¶¶ 3–4, 20–21, 23–25, 28–29.) They bring this suit against those who "participated in the design, manufacture, sale, packaging, and/or installation" of the seats and harness devices as well as the operators of the park. (*Id.* ¶¶ 7–16.)

On April 18, 2019, Plaintiffs filed the Complaint in the Superior Court of New Jersey, Law Division, Ocean County. (Not. Remv'l ¶ 1, ECF No. 1.) On May 15, 2019, while the case was still in state court, Plaintiffs filed the operant Amended Complaint. (Not. Remv'l ¶ 2; *see also* Am. Compl.) On May 24, 2019, the case was removed to this Court. (*See generally* Not. Remv'l.)

The original Complaint named, *inter alia*, Intamin Amusement Rides Int. Corp. Est. and Intaride LLC as Defendants. (Compl. ¶¶ 6–7, ECF No. 1.) The Amended Complaint again named Defendant Intamin Amusement Rides Int. Corp. Est. (Am. Compl. ¶ 7.) The caption of the Amended Complaint also identifies "Intaride LLC a/k/a Intamin Ltd." as a Defendant. (Am. Compl. at 1.) But the text of the Amended Complaint refers to "Intamin Ltd. . . . and/or Intaride LLC" (*id.* ¶ 8), and at other points it refers to the two entities as though they are entirely separate (*see, e.g.*, *id.* ¶¶ 31, 35).

On June 28, 2019, counsel for both Intaride LLC and Intamin Ltd. told Plaintiffs that he would waive service for Intamin Ltd. (Meyers Decl. ¶ 5, ECF No. 19-4; Coller Email, ECF No. 19-8.) However, because the caption of the Amended Complaint names "Intaride LLC a/k/a Intamin Ltd.," the Clerk of the Court advised Plaintiffs that the Court would be unlikely to accept a Summons or Waiver of Service as to Intamin Ltd. (Meyers Decl. ¶ 6.) For this reason, Plaintiffs seek to file a Second Amended Complaint that clearly lists Intamin Ltd. as a Defendant, totally separate from Intaride LLC. (*See* Proposed 2d Am. Compl. at 1, ECF No. 19-2.)

Plaintiffs filed the instant Motion for Leave to File a Second Amended Complaint on July 11, 2019. (ECF No. 19.) Defendant Intaride LLC opposed on July 22, 2019 (ECF No. 21), and Plaintiffs replied on July 29, 2019 (ECF No. 25). The Motion is presently before the Court.

## **LEGAL STANDARD**

After amending as of right, a plaintiff may further amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id.* The district court may exercise its discretion to deny leave to amend the complaint, but it must provide a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## **DISCUSSION**

Defendant Intaride LLC argues that an amendment to add Intamin Ltd. as a Defendant would be futile because of a statute of repose and a statute of limitations. The Court disagrees on both fronts.

I. **The Statute of Repose Would Not Render Amendment Futile**

New Jersey law provides a statute of repose barring all claims "for any deficiency in" or "arising out of the defective and unsafe condition of an improvement to real property . . . more than 10 years after the performance or furnishing of [the design, planning, surveying, supervision of construction, or construction of such improvement to real property]." N.J.S.A. § 2A:14-1.1(a). The statute of repose applies where three conditions are met:

> (1) the injury sustained by plaintiff resulted from a defective and unsafe condition of an improvement to real property; (2) the defendant was responsible for performing or furnishing the design, planning, surveying, supervision of construction, or construction of the improvement; and (3) the injury occurred more than ten years after the performance or furnishing of the services.

*State v. Perini Corp.*, 113 A.3d 1199, 1212–13 (N.J. 2015) (quoting *Dziewiecki v. Bakula*, 853

3

A.2d 234, 236 (N.J. 2004)) (internal brackets omitted).

The issue in this case is whether the seat and harness device on the Kingda Ka roller coaster constitute "improvement[s] to real property" of which Intamin Ltd. "was responsible for performing or furnishing the design, planning, surveying, supervision of construction, or construction." Importantly for our purposes, the statute of repose does not shield liability for "a standardized product, which happened to be installed in a construction project." *Cherilus v. Fed. Express*, 87 A.3d 269, 278 (N.J. Super. Ct. App. Div. 2014) (citing *Dziewiecki*, 853 A.2d at 236–37). Thus, the statute of repose does not apply to a "stock item" pool kit used to assemble an in-ground swimming pool, *Dziewiecki*, 853 A.2d at 237 & n.2, or to an attic fan, a dishwasher, a clothes dryer, or "any other home appliance unessential to structural or system function," *Rolnick v. Gilson & Sons, Inc.*, 617 A.2d 288, 291 (N.J. Super. Ct. App. Div. 1992) (dicta in part). On the other hand, the statute applies to a torklift at a warehouse that is "designed to be installed as an integral feature of the property" and "affixed . . . permanently in a concrete pit at the warehouse dock, where it was especially designed to fit." *Cherilus*, 87 A.3d at 278.

A recent District of New Jersey case examined "the head cushioning and the seat design in the interior compartment of [a] roller coaster." Letter Order at 5 n.3, *Tafaro v. Six Flags Great Adventure, LLC*, No. 17-cv-5607 (D.N.J. Mar. 26, 2019), ECF No. 48. In that case, these component parts fell under the statute of repose because "the . . . roller coaster is not . . . a 'standardized' or 'mass-produced' item, but rather, is a unique structure, designed specifically for Six Flags." *Id.*

In the present case, the Court must determine whether the seat and harness device that allegedly caused injuries are standardized or mass-produced on the one hand, or specially designed on the other. The parties have made arguments and even submitted exhibits to support

4

their positions on this issue.[1] But the Proposed Second Amended Complaint does not include facts on this issue, and on a motion to dismiss the Court usually cannot consult material extraneous to the pleadings. Fed. R. Civ. P. 12(d); *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). And because one cannot say to a certainty that a motion to dismiss would succeed, one also cannot say that filing the Proposed Second Amended Complaint would be futile. Charles Alan Wright et al., 6 Fed. Practice & Procedure Civil § 1487 (3d ed. Apr. 2019 update) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper.")

## II. The Second Amended Complaint Relates Back to the Date of the Complaint, so the Statute of Limitations Would Not Render Amendment Futile

Plaintiff's alleged injury occurred on April 23, 2017. (Am. Compl. ¶ 26.) The two-year statute of limitations applicable to this case therefore expired on April 23, 2019. N.J.S.A. § 2A:14-2(a). The Complaint was filed on April 18, 2019 (Not. Remv'l ¶ 1), within the limitations period, but the Proposed Second Amended Complaint, if filed, would fall outside that period. However, an amended pleading adding a new party relates back to the date of the original pleading if three conditions are met: (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" (2) within ninety days after the original pleading was filed, the party to be added by

---

[1] *Compare* Pl.'s Opp'n to Def. Intaride LLC's Mot. to Dismiss at 7–8, ECF No. 22 ("[F]rom all outward appearances the harnesses, locking mechanisms, and seats on the Kingda Ka roller coaster are *virtually identical* to [those] on numerous roller coasters manufactured by the Intamin Defendants, throughout the world." (emphasis in original)), *with* Def. Intaride LLC's Reply to Mot. to Dismiss at 8 ("[S]eats for a roller coaster are not 'off-the-shelf' type items that can be readily purchased by a consumer. It is not something that is mass-produced and sitting on a shelf waiting to be used."). *See also* Pribonic Decl. Exs., ECF No. 22-4 (photographs of seats from various roller coasters); Ex. J, ECF No. 27-1 (described as "publicly available information . . . regarding serial/mass production of Intamin roller-coaster passenger restraints").

the amendment "received such notice of the action that it will not be prejudiced in defending on the merits;" and (3) within the ninety-day period, the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The first requirement is satisfied here, as the Proposed Second Amended Complaint contains the same allegations as the Amended Complaint and simply adds Intamin Ltd. explicitly as a Defendant.

For the second and third requirements to be met, within ninety days of the filing of the Complaint—*i.e.*, by July 17, 2019—Intamin Ltd. must have received notice of the action such that it was not prejudiced, and it should have known that the action would have been brought against it but for a mistake concerning its identity. Before July 17, 2019, the Amended Complaint had been filed, naming "Intaride LLC a/k/a Intamin Ltd." in the caption (Am. Compl. at 1) and naming Intamin Ltd. as a separate entity elsewhere (*id.* ¶¶ 8, 31, 35). Also before that date, Intamin Ltd.'s attorney had communicated with Plaintiffs about the case and specifically about waiver of service. (Coller Email.) The Court therefore has no doubt that Intamin Ltd. knew about the case before July 17, 2019 such that it was not prejudiced in defending itself. Moreover, as the Amended Complaint is unclear about whether Intamin Ltd. was to be named as a separate party or merely as another moniker of Intaride LLC, Intamin Ltd. should have known that the case would have been brought against it had it not been for Plaintiffs' mistake in naming it. Because the requirements for relation back are met, the Proposed Second Amended Complaint would not run afoul of the statute of limitations.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Second Amended

Complaint is granted.[2] An appropriate Order will follow.

Date:  8/12/19                              */s/ Anne E. Thompson*
                                            ANNE E. THOMPSON, U.S.D.J.

---

[2] As the Second Amended Complaint will supplant the Amended Complaint, the pending Motions to Dismiss the Amended Complaint (ECF Nos. 5, 8) are dismissed as moot. Defendants may re-file their Motions to Dismiss consistent with Rule 15(a)(3) of the Federal Rules of Civil Procedure.