G. Martin Meyers, Esq. (#271881971)
LAW OFFICES OF G. MARTIN MEYERS, P.C.
35 West Main Street, Suite 106
Denville, New Jersey  07834
Telephone:  (973) 625-0838
Telefax:      (973) 625-5350
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER FABRICANT, M.D. and MALIKA FABRICANT, Husband and Wife, | : Civil Action No. 3:19-cv-12900-AET-LHG |
| | : Hon. Anne E. Thompson, U.S.D.J. |
| | Hon. Lois H. Godman, U.S.M.J. |
| Plaintiffs, | : |
| | **Civil Action** |
| v. | : |
| INTAMIN AMUSEMENT RIDES INT. CORP. EST., INTARIDE LLC, INTAMIN LTD., INTERNATIONAL AMUSE-MENTS INC., INGENIEUR-BÜRO STENGEL GmbH, MARTIN & VLEM-INCKX LTD., MARTIN & VLEMINCKX USA, LLC, SIX FLAGS GREAT ADVEN-TURE, LLC, SIX FLAGS THEME PARKS INC., JOHN DOES 1-20 and ABC CORP-ORATIONS 1-10, | : |
| | : |
| | **SECOND AMENDED COMPLAINT** |
| | : **AND JURY DEMAND** |
| | : |
| | : |
| Defendants. | : |
| | : |

Plaintiffs Christopher Fabricant, M.D. and Malika Fabricant, Husband and Wife, residing

at 35 Rector Place, Red Bank, New Jersey, by way of Amended Complaint against the above-

named Defendants, say that:

1

## SUMMARY OF THE ACTION

1.       This is a products liability action, and a negligence action, arising from injuries sustained by Plaintiff Christopher Fabricant, M.D., including but not limited to severe and permanent damage to his neck and spine, on or about April 23, 2017, while riding on the Kingda Ka Roller Coaster at the Six Flags Great Adventure Amusement Park ("Great Adventure") in Jackson, New Jersey.  Defendants Intamin Amusement Rides Int. Corp. Est., Intaride LLC, Intamin Ltd., International Amusements Inc., Ingenieur-Büro Stengel GmbH, Martin & Vleminckx Ltd., Martin & Vleminckx USA, LLC, John Does 1-20 and ABC Corporations 1-10 (the "Products Liability Defendants"), are the individuals and/or entities who manufactured, designed, sold, and placed into the stream of commerce the seats and harness devices contained within the cars of the Kingda Ka Roller Coaster at Great Adventure.

2.       Defendants Six Flags Great Adventure, LLC ("Six Flags"), Six Flags Theme Parks, Inc. ("Six Flags Parent"), and John Does 1-20 (the "John Doe Defendants") (referred to collectively herein as the "Negligence Defendants"), are the owners and operators of the Great Adventure Amusement Park ("Great Adventure") and the individual employees of Great Adventure responsible for safely operating and administering the Kingda Ka Roller Coaster at Great Adventure, and insuring that the patrons of Great Adventure who ride on the said Roller Coaster are, or can be safely harnessed within a seat on the said Roller Coaster, before they are permitted to ride it.

3.       As explained more fully below, the defective design, defective manufacture, and/or failures to warn and/or to provide instructions necessary for the safe use of the Kingda Ka Roller Coaster, by the Products Liability Defendants; and the failure to insure that rides and facilities operated at Great Adventure were operated and administered in a manner safe for its

patrons, and/or to insuring that patrons wishing to experience that ride are physically capable and qualified to do so, and that the seats and harness devices they utilize are utilized in a safe and proper manner, by the Negligence Defendants herein, were a proximate cause of the injuries suffered by Plaintiff Christopher Fabricant, M.D.

4.      The defective design and/or manufacture of the aforementioned Kingda Ka Roller Coaster by the Product Liability Defendants was evidenced, inter alia, by virtue of its incorporation of a harness device with the  unrestricted capacity to "lock down" against the shoulders, chest, and/or cervical spine of individual riders, and the failure to warn and/or provide proper instructions was evidenced by the failure to advise individuals who, like Plaintiff Christopher Fabricant, M.D., are six feet and two inches tall (6'2") in height or greater, and/or whose upper bodies extend *above* the rear of the seat backs on the seats contained within the cars of the Kingda Ka Roller Coaster, that they cannot safely ride the said Roller Coaster, with the seats and harness devices provided.  The negligence and/or carelessness of the Negligence Defendants was evidenced, inter alia, by their failure to advise Plaintiff Christopher Fabricant that, because his head extended *above* the rear of his seat, he faced the danger of "whiplash" type injuries, from the extreme speed and torqueing forces generated by the Kingda Ka Roller Coaster, and was not a candidate for safely riding it, and their failure to properly adjust the Plaintiff's seat and/or harness device to insure that it properly restrained him, without binding on his neck and/or shoulders, and/or exposing him to the risk of whiplash-type injuries to the vertebrae of his neck and spine.

5.      In this action, Plaintiffs seek recovery for the severe and permanent injuries sustained by Plaintiff Christopher Fabricant, M.D., including the severe and permanent disabilities he has suffered, and in the future will suffer, as well as for his pain and suffering, past

and future, his loss of enjoyment of life, loss of income, past and future; and for the loss of

consortium, services and society suffered by his wife, Plaintiff Malika Fabricant, as the result of

the product defects, failures to warn, negligence, and breach of warranties described herein.

## PARTIES

6.      At all times hereinafter mentioned Plaintiff Christopher Fabricant, M.D., was a

practicing physician who maintains a surgical practice in Neptune, New Jersey, specializing in

female pelvic surgeries, and the said Plaintiff was also a patron, with his minor son, Nico, at the

Great Adventure Amusement Park in Jackson, New Jersey.  Plaintiff Malika Fabricant is the wife

of Plaintiff Christopher Fabricant, M.D., and they reside, with their children, in Red Bank, New

Jersey.

7.      At all times hereinafter mentioned, Defendant Intamin Amusement Rides Int.

Corp. Est. ("Intamin"), was a corporation with its principal place of business in Schaan,

Lichtenstein.  Upon information and belief, Defendant Intamin was the manufacturer of the seats

and harness devices contained within the cars of the Kingda Ka Roller Coaster at Great

Adventure, on or about April 23, 2017.

8.      At all times hereinafter mentioned, Defendants Intamin Ltd. ("Intamin Ltd")

and/or Intaride LLC ("Intaride"), entities with a principal place of business in Glen Burnie,

Maryland, were responsible for the construction and installation of the seats and harness devices

contained in the cars at the Kingda Ka Roller Coaster, at the Great Adventure Amusement Park

in Jackson, New Jersey.  Upon information and belief, Defendants Intamin Ltd and/or Intaride

LLC participated in the design, manufacture, sale, packaging, and/or installation of the harness

devices and seats contained within the Kingda Ka Roller Coaster at Six Flags Great Adventure in

Jackson, New Jersey, on or about April 23, 2017.

9. At all times hereinafter mentioned, Defendant International Amusements Inc. ("International"), a corporation with its principal place of business in Flower Mound, Texas, was responsible for the construction and installation of the seats and harness devices contained in the cars at the Kingda Ka Roller Coaster, at the Great Adventure Amusement Park in Jackson, New Jersey. Upon information and belief, Defendant International participated in the design, manufacture, sale, packaging, and/or installation of the harness devices and seats contained within the Kingda Ka Roller Coaster at Six Flags Great Adventure in Jackson, New Jersey, on or about April 23, 2017.

10. At all times hereinafter mentioned, Defendant Ingenieur-Büro Stengel GmbH, a corporation with its principal place of business in Munich, Germany, was the designer of the seats and harness devices contained in the Kingda Ka Roller Coaster at Great Adventure, on or about April 23, 2017, and as such also participated in the design, manufacture, sale, packaging, and/or installation of the harness devices and seats contained within the Kingda Ka Roller Coaster at Six Flags Great Adventure in Jackson, New Jersey, on or about April 23, 2017.

11. At all times hereinafter mentioned, Defendant Martin & Vleminckx Ltd., a corporation with its principal place of business in Mont-Royal, Quebec, Canada, was responsible for the construction and installation of the seats and harness devices contained in the cars at the Kingda Ka Roller Coaster, at the Great Adventure Amusement Park in Jackson, New Jersey, and as such also participated in the design, manufacture, sale, packaging, and/or installation of the harness devices and seats contained within the Kingda Ka Roller Coaster at Six Flags Great Adventure in Jackson, New Jersey, on or about April 23, 2017.

12. At all times hereinafter mentioned, Defendant Martin & Vleminckx USA, LLC, a corporation with its principal place of business in Haines City, Florida, was responsible for the

construction and installation of the seats and harness devices contained in the cars at the Kingda

Ka Roller Coaster, at the Great Adventure Amusement Park in Jackson, New Jersey.

13.     At all times hereinafter mentioned, Defendants John Does 1-20 and ABC

Corporations 1-10 were other persons and/or corporations, whose exact identities are unknown at

this time, who also participated in the design, manufacture, sale, construction, and/or installation

of the seats and harness devices contained in the cars of the Kingda Ka Roller Coaster at Great

Adventure, on or about April 23, 2017.

14.     At all times hereinafter mentioned, Defendant Six Flags Great Adventure, LLC

("Six Flags") was a Delaware corporation with its principal place of business in Grand Prairie,

Texas.  Six Flags was the operator of the Great Adventure Amusement Park in Jackson, New

Jersey.  In its capacity as operator of Great Adventure, Six Flags was responsible for insuring

that any and all rides and other facilities operated at Great Adventure were operated and

administered in a manner safe for its patrons.

15.     At all times hereinafter mentioned, Defendant Six Flags Theme Parks, Inc. ("Six

Flags Parent") was a corporation with its headquarters in Grand Prairie, Texas.  Six Flags was

the operator of the Great Adventure Amusement Park in Jackson, New Jersey.  In its capacity as

owner of Great Adventure and parent of Six Flags, Six Flags Parent was responsible for insuring

that any and all rides and other facilities operated at Great Adventure were operated and

administered in a manner safe for its patrons.

16.     John Doe Defendants 1-20 are the individual employees of Great Adventure who

were responsible for the safe operation of the Kingda Ka Roller Coaster at Great Adventure on

April 23, 2017, including but not limited to the responsibility for insuring that patrons who wish

to experience that ride are physically capable and qualified to do so, and insuring that the seats

and harness devices they utilize are utilized and adjusted in a safe and proper manner.  Upon information and belief, John Doe Defendants 1-20 are all New Jersey residents, residing in or around Jackson, New Jersey.

## FACTUAL ALLEGATIONS

17.     On Sunday, April 23, 2017, Plaintiff Christopher Fabricant, M.D. traveled to Six Flags Great Adventure in Jackson, New Jersey with his sons and their friends.  Nico, his youngest son, wanted to ride Kingda Ka, a roller coaster touted as the "tallest and fastest," but he was hesitant to do so without an adult chaperone.  Nico asked Plaintiff Christopher Fabricant, M.D. if he would accompany Nico and two of his friends, Sydney and Audrey, for a ride on the Kingda Ka Roller Coaster, and Plaintiff agreed to do so.

18.     As Plaintiff Christopher Fabricant, M.D., together with his son, Nico, and Nico's friends progressed in line and entered the roller coaster, Plaintiff sat side by side with Nico in one row, and Sydney and Audrey sat side by side in another.  Nico and Plaintiff were located behind his friends.

19.     Upon entering the car where he and Nico would be seated during their ride, Plaintiff sat and pulled down the harness attached to the seat where he was directed to sit, by the Great Adventure attendants responsible for operating the Kingda Ka Roller Coaster.  Initially, however, when he pulled the harness to his lap, the harness seemed too tight against his shoulders.  As a result, he asked an attendant working at the Roller Coaster for assistance.  The attendant appeared reluctant to respond to Plaintiff's requests for assistance, but eventually he did, and the harness was eventually readjusted, into a position which finally seemed to be comfortable.

20.     Nevertheless, although Plaintiff expected that the harness would be locked and secured in position before the car departed, as Plaintiff later learned, the system used to "lock" the harness was an unfamiliar one.  The "locking" system did *not* secure the position of the harness.  The system only prevented loosening, but it did not prevent *tightening* of the harness.  Instead, the locking system allowed the harness, during the ride, to move to ever-tighter positions, but it did *not* allow the harness to return to a previous position, once tightened.  Moreover, as Plaintiff later realized, because of his height, and the length of his upper body, some or all of his head extended *above* the rear of the seat in the Roller Coaster car where he was located.  There were no visible warnings on the seat, or on the harness device, and the Great Adventure employees acting as attendants at the ride, failed to advise Plaintiff that, because his head extended *above* the rear of his seat, he faced the danger of "whiplash" type injuries, from the extreme speed and torqueing forces generated by the Kingda Ka Roller Coaster, and was not a candidate for safely riding it.  Moreover, the Negligence Defendants negligently and/or willfully failed to properly adjust the Plaintiff's seat and/or harness device to be sure that it properly restrained him without binding on his neck and/or shoulders.

21.     Unaware of this danger, Plaintiff Christopher Fabricant, M.D. remained in his seat, with the harness device attached to the seat firmly tightened around his shoulders, waiting for the ride to begin.  When the Kingda Ka Roller Coaster finally departed, as the car Plaintiff and his minor son were riding in accelerated from 0-128 mph in 3.5 sec and as it followed the tracks sharply upward, more than 400 feet upward, the harness Plaintiff was wearing suddenly jerked sharply downward, forcefully against the tops of Dr. Fabricant's shoulders, and became locked tighter, and then tighter still when additional forces came into play.

22.     During the ride, as the harness became locked tighter and tighter, Plaintiff suffered excruciating, unbearable pain in his shoulders, especially in his right shoulder, directly beneath the harness.  Although the ride lasted less than a minute, the pain experienced by Plaintiff Christopher Fabricant, M.D. was so unbearable that seconds seemed endless, as the car slowly returned to the station and then finally stopped there.  When the harness was unlocked and sprang upward, Plaintiff felt the unbearable pain immediately lessen.  However, after the ride, Plaintiff's shoulders, especially the right one, continued to cause him considerable pain, but the pain did not prevent him from driving Nico and Nico's friends home, or from returning to work the next day.

23.     Significantly, on the day that Plaintiff visited Great Adventure, and rode the Kingda Ka Roller Coaster, he received a printed Map & Guide of the park.  The information provided by the Map & Guide not only included the names and locations of the various attractions but also included height requirements for many of them.  The height requirements for Kingda Ka were listed as 54 inches minimum and 77 inches maximum.  Plaintiff took special notice that the height maximum was nearly three inches greater than his own height and, therefore, he had every expectation that the ride was suitable for him.  As it turned out, however, his expectation was incorrect, and in retrospect it is clear that he was misled by these printed guidelines.

24.     It is also significant to note that, on the back of the Map & Guide was some fine print, too small for Plaintiff to easily read without magnification.  The fine print included a listing of "Ride Policies" and, among them, included one policy named "Ride Restrictions," which read as follows:

>     Safety is our number one priority.  Guests with certain height, weight and/or body proportions may not be able to participate on certain rides if the safety restraints will not

operate as designed.  Specific ride information is available at the ride and at Ride Information Center.  Test seats are available at the entrance of certain rides.

On the day that Plaintiff rode the Kingda Ka Roller Coaster, reading this policy would not have raised his concern, because his height was several inches below the printed maximum, he was trim and fit, his weight was ideal at 190 lbs, and his body proportions were typical.

25.     Nevertheless, what the warnings and/or instructions failed to advise Plaintiff, or other patrons of was the danger, about which Defendants were aware, or should have been aware, that someone whose height was sufficient to bring most or all his head *above* the rear of the seat on the Kingda Ka Roller Coaster, and whose height was sufficient to bring the superior, or top, portions of his shoulders flush against the secured harness, would be subject to extensive, severe and varying forces, including whiplash forces, sufficient to cause severe damage to the vertebrae of the cervical spine; or that, by virtue of its locking system, which allowed the harness on the Kingda Ka Roller Coaster, during the ride, to move to ever-tighter positions, but did *not* allow the harness to return to a previous, looser position, once tightened, the harness presented the risk of crushing downward forces against the shoulders as well, also sufficient, when combined with other forces experienced during the ride, to cause severe damage to the vertebrae of the spine, and to the shoulders of riders who become subject to excessive tightening of the harness during the ride – exactly as Plaintiff Christopher Fabricant, M.D. later discovered he had experienced in this case.

26.     As the result of the dangers he unknowingly faced, it is now clear that, from his single Kingda Ka Roller Coaster ride, on April 23, 2017, Plaintiff Christopher Fabricant, M.D. sustained the acute rupture of at least two intervertebral discs in his cervical spine, leading to a cascade of catastrophic medical events.  The ruptured discs spilled their contents into his spinal canal, resulting in the development of inflammation, and /or swelling within the canal.  Both the

10

ruptured discs and the inflammation compressed the spinal cord.  As the cord was compressed, nervous tissue distributed to various body parts became damaged.  This cascade of events evolved in a progression over the span of three weeks.  His symptoms reflected the progression. Two days after the roller coaster ride, he noticed numbness of his hands.  By three weeks, he was suffering numbness of hands and feet, burning pain of back and extremities, and weakness and spasticity of his lower extremities.  During the progression, he was evaluated by physicians specializing in Sports Medicine, Orthopedic Surgery, and Neurology.

27.     When the progression became associated with spasticity and weakness of his lower extremities, Plaintiff sought care in the Emergency Department at Jersey Shore University Medical Center (Saturday, May 12, 2017), where the worsening and critical nature of his circumstance became clear.  He was diagnosed with progressive cervical myelopathy, associated with the acutely ruptured discs.  His condition was judged to be grave.  He underwent emergent surgery the next day at the Hospital for Special Surgery (Mother's Day, Sunday, May 13, 2017), to decompress the spinal cord, and to fuse the vertebra adjacent to his ruptured discs.  Plaintiff anticipates the need for at least one additional surgery, and additional medical treatment, which cannot currently be specified, throughout the remainder of his life.

28.     Significantly, under the applicable law, Defendant Six Flags was required to conspicuously post notices, in at least five locations on the premises of Great Adventure, of the need to report any injury to Six Flags, within 90 days of the happening of the injury, as a precondition to the requirement to give written notice before instituting legal action against Six Flags by reason of the said injury.  Defendant Six Flags was also required to report to designated State authorities, any and all information in its possession, regarding injuries which occur on rides at its premises.

11

29. In fact, however, the written notices upon all of the signs present on April 23, 2017 were in fact rendered <u>inconspicuous</u> by circumstances relating to the signs themselves (*e.g.* small font size) and by circumstances around the signs (*e.g.* dangerous viewing envelope) that either prevented or hindered guests in their approach to the signs or induced guests away or distracted guests from the signs, before proper viewing could be achieved, and therefore failed to satisfy the requirements triggering the applicable pre-suit notice requirement for patrons, like Plaintiffs, seeking to institute legal action for recovery of damages sustained, by reason of such injuries; and, upon information and belief, Defendant Six Flags has also failed to report the information relating to injuries occurring at the said facility, as required by the applicable law.

## FIRST COUNT

(Against Defendants Intamin Amusement Rides Int. Corp. Est., Intamin Ltd., Intaride LLC, International Amusements Inc., Ingenieur-Büro Stengel GmbH, Martin & Vleminckx Ltd., Martin & Vleminckx USA, LLC, John Does 1-20 and ABC Corporations 1-10 (the "Products Liability Defendants"), For Products Liability/Design Defect/Manufacturing Defect)

30. The plaintiffs repeat the allegations of each of the paragraphs set forth above, as if more fully set forth at length herein.

31. Plaintiffs' damages are the direct and proximate result of the defective design, and/or defective manufacture, by defendants Intamin Amusement Rides Int. Corp. Est., Intamin Ltd., Intaride LLC, International Amusements Inc., Ingenieur-Büro Stengel GmbH, Martin & Vleminckx Ltd., Martin & Vleminckx USA, LLC, John Does 1-20 and ABC Corporations 1-10 (the "Products Liability Defendants"), said design defects, and/or manufacturing defects being that the said Kingda Ka Roller Coaster Seats and harnesses, incorporated a harness device with the unrestricted capacity to "lock down" against the shoulders, chest, and/or cervical spine of individual riders, and seats insufficient in their size and design to protect individuals who, like

12

Plaintiff Christopher Fabricant, M.D., are six feet and two inches tall (6'2") in height or greater, and/or whose upper bodies extend *above* the rear of the seat backs on the seats contained within the cars of the Kingda Ka Roller Coaster, from the unreasonable risk of whiplash injury to the vertebrae of their necks and spines.

32.     As a result of said design defects, and/or manufacturing defects, Plaintiff Christopher Fabricant, M.D. suffered severe, painful, and disabling bodily injuries, that will leave him wholly or partially disabled, for the remainder of his life.  The plaintiff suffered great pain and anguish of body and mind as a result of said injuries, and has incurred great hospital and medical expenses for the care and treatment thereof.  Plaintiff's injuries incapacitated and continue to incapacitate him from pursuing his usual activities, and have caused and will continue to cause him to be absent from his employment.

33.     By reason of the foregoing, Plaintiff was severely and permanently injured, endured and will in the future endure pain and suffering, disability and loss of enjoyment of life, Plaintiff was forced and will in the future be forced to expend sums of money for medical and hospital treatment.

WHEREFORE, plaintiffs demand judgment against defendants Intamin Amusement Rides Int. Corp. Est., Intamin Ltd., Intaride LLC, International Amusements Inc., Ingenieur-Büro Stengel GmbH, Martin & Vleminckx Ltd., Martin & Vleminckx USA, LLC, John Does 1-20 and ABC Corporations 1-10 for damages, interest, costs of suit, and punitive damages.

## SECOND COUNT

(Against Defendants Intamin Amusement Rides Int. Corp. Est., Intamin Ltd., Intaride
LLC, International Amusements Inc., Ingenieur-Büro Stengel GmbH, Martin &
Vleminckx Ltd., Martin & Vleminckx USA, LLC, John Does 1-20 and ABC
Corporations 1-10  (the "Products Liability Defendants"), for Products Liability/Failure
to Warn)

34.      Plaintiffs repeat the allegations of each of the paragraphs set forth above, and

make them a part hereof, as if more fully forth herein.

35.      Defendants Intamin Amusement Rides Int. Corp. Est., Intamin Ltd., Intaride LLC,

International Amusements Inc., Ingenieur-Büro Stengel GmbH, Martin & Vleminckx Ltd.,

Martin & Vleminckx USA, LLC, John Does 1-20 and ABC Corporations 1-10  (the "Products

Liability Defendants") failed to adequately warn users of the above-described Kingda Ka car

seats, seat backs, and harness devices, of the dangers of uncontrollable, and irreversible

tightening of the harness devices, while the ride is progressing, and the dangers to patrons with

larger and taller body frames, like Plaintiff Christopher Fabricant, M.D., of the dangers they

faced if a substantial portion of their head and/or neck was above the rear of the seat, from

whiplash forces generated by the extreme speed, and extreme torqueing forces generated by the

Kingda Ka Roller Coaster, while it is in motion.

36.      As a result of the failures to warn of the Products' Liability Defendants, Plaintiff

Christopher Fabricant, M.D. suffered severe, and painful bodily injuries, which have left him

severely and permanently injured.  He sustained acute ruptures of at least two of his cervical

discs, has a third bulging cervical disc, a possible rupture in one of his lumbar discs, and a

variety of other actual and potential injuries.  He is virtually certain to suffer residual

neurological and musculoskeletal deficits and disabilities from these injuries, for the remainder

of his natural life.  The plaintiff suffered great pain and anguish of body and mind as a result of

said injuries, and has incurred great hospital and medical expenses for the care and treatment

thereof. Plaintiff's injuries incapacitated and continue to incapacitate him from pursuing his

usual activities, and caused and continue to cause him to be absent from his employment.

WHEREFORE, plaintiffs demand judgment against defendants Intamin Amusement

Rides Int. Corp. Est., Intamin Ltd., Intaride LLC, International Amusements Inc., Ingenieur-Büro

Stengel GmbH, Martin & Vleminckx Ltd., Martin & Vleminckx USA, LLC, John Does 1-20 and

ABC Corporations 1-10, for damages, interest, costs of suit, and punitive damages.

## THIRD COUNT

(Against Defendants Six Flags Great Adventure, LLC ("Six Flags"), Six Flags
Theme Parks, Inc. ("Six Flags Parent") and John Doe Defendants 1-20
(collectively, "the Negligence Defendants"), for Negligence)

37. The plaintiffs repeat the allegations of each of the paragraphs set forth above, as if

more fully set forth at length herein.

38. Defendants Six Flags, Six Flags Parent, and John Doe Defendants 1-20 (the

"Negligence Defendants"), at all relevant times were careless and negligent in failing to properly

harness Plaintiff Christopher Fabricant, M.D., into the seat of the Kingda Ka Roller Coaster

where he was placed, so that he could ride in it safely, and/or to advise Plaintiff Christopher

Fabricant, M.D., that he could not safely ride the Kingda Ka Roller Coaster by reason of his

body size, as required by applicable law.

39. As a direct and proximate result of the aforesaid negligent conduct of the

Negligence Defendants, Plaintiff Christopher Fabricant, M.D., sustained severe and permanent

injuries of both a physical and emotional nature, and has incurred great hospital and medical

expenses for the care and treatment thereof. Plaintiff Malika Fabricant, M.D. has suffered severe

emotional anguish and the loss of her husband's consortium, society and services.

WHEREFORE, the Plaintiffs demand judgment against the aforesaid Negligence

Defendants, jointly, severally, or in the alternative, for the pain and suffering they sustained as a

result of Plaintiff Christopher Fabricant, M.D.'s injuries, for his loss of income, both past and

future, for recovery of his medical expenses, for damages, interest, and costs of this suit.

## **FOURTH COUNT**

(Against the Product Liability Defendants Jointly, Severally, or in
the Alternative, for Breach Of Express and Implied Warranties)

40.     The plaintiffs repeat the allegations of each of the paragraphs set forth above, as if

more fully set forth at length herein.

41.     The Products Liability Defendants jointly marketed and sold the Kingda Ka

Roller Coaster and/or components of it, and jointly engaged in a variety of marketing activities in

connection with the said Roller Coaster, involving the express and implied warranty to patrons

such as Plaintiff Christopher Fabricant, M.D., that the said Roller Coaster, and all of its

component parts, was safe and fit for its intended use. In fact, however, Plaintiffs have now

learned that was not the case.

42.     As a direct and proximate result of the breach of the aforesaid express and implied

warranties, Plaintiff Christopher Fabricant, M.D. sustained severe and permanent injuries, pain

and suffering, and disabilities of both a physical and emotional nature, and has incurred great

hospital and medical expenses for the care and treatment thereof.

WHEREFORE, the Plaintiffs demand judgment against the aforesaid defendants, jointly,

severally, or in the alternative, for the pain and suffering they sustained as a result of Plaintiffs'

injuries, for the loss of income of Plaintiff Christopher Fabricant, M.D., for medical expenses, for damages, interest, and costs of this suit.

## FIFTH COUNT

(Against All Defendants, for Plaintiff Malika Fabricant's Loss of the
Services and Society of Her Husband, Plaintiff Christopher Fabricant, M.D.)

43.     The Plaintiffs repeat the allegations of each of the paragraphs set forth above, and make them a part hereof as if more fully set forth herein.

44.     As the direct and proximate result of the injuries and events recited above, and of the wrongful conduct of defendants herein, Plaintiff Malika Fabricant has been caused and continues to be caused to lose the consortium, society and services of her husband, Plaintiff Christopher Fabricant, M.D.

WHEREFORE, the Plaintiffs demand judgment for damages against the defendants, for the loss of Plaintiff Malika Fabricant's enjoyment of the companionship and society of her husband, Plaintiff Christopher Fabricant, M.D., for the loss of his services, as well as for interest and the costs of this suit.

## PRAYER FOR RELIEF

Wherefore, on the basis of the foregoing, Plaintiffs pray for the following relief:

1. For compensatory damages, for the pain and suffering, past and future, disability, loss of income, loss of enjoyment of life, emotional injuries, and other damages sustained by Plaintiff Christopher Fabricant, M.D., in the aforesaid incident of April 23, 2017;

2. For compensatory damages, for the loss of services sustained by Plaintiff Malika Fabricant;

3. For punitive damages pursuant to the New Jersey Products Liability Act;

17

4.  For interest, and the costs of this suit;

5.  For such other and further relief as a court and jury may deem appropriate, under the

circumstances set forth herein.

LAW OFFICES OF G. MARTIN MEYERS, P.C.
Attorneys for Plaintiff

DATED:   August 13, 2019          By:  ___s/ Gary Martin Meyers_____
                                       GARY MARTIN MEYERS, ESQ.

## DESIGNATION OF TRIAL COUNSEL

G. Martin Meyers, Esq. is hereby designated as trial counsel in the above captioned

matter.

## DEMAND FOR TRIAL BY JURY

Demand is hereby made for trial by jury on all issues raised in this Complaint.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action pending in

any court or of a pending arbitration proceeding.  No other action or arbitration proceeding is

contemplated.

I certify that confidential personal identifiers have been redacted from documents now

submitted to the court and will be redacted from all documents submitted in the future in

accordance with Rule 1:38-7(b).

LAW OFFICES OF G. MARTIN MEYERS, P.C.
Attorneys for Plaintiffs

DATED:   August 13, 2019          By:  ___s/ Gary Martin Meyers_____
                                       GARY MARTIN MEYERS, ESQ.